United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL KARAVASTEV,

    Plaintiff,

    v.

ANDREAN KARAVASTEV,

    Defendant.

Case No. 24-cv-01141-NC

**SCREENING ORDER**

Re: ECF 1

Plaintiff Michael Karavastev filed a breach of contract claim against his father-in-law Defendant Andrean Karavastev. ECF 1 ("Compl."). Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF 2. Accordingly, the Court screens the complaint under 28 U.S.C. § 1915(e). The Court (1) defers ruling on the motion to proceed in forma pauperis, and (2) GRANTS Plaintiff leave to amend the complaint.

**I.  LEGAL STANDARD**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure

1   12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

2   Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of determining if a plaintiff has stated a claim, courts assume all factual allegations in the complaint are true. *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). However, courts will not accept mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" in lieu of factual assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Altogether, a complaint need not allege detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.   DISCUSSION

The Court notes two issues undermining Plaintiff's initial complaint.

### A.   Subject Matter Jurisdiction

The first issue pertains to the alleged presence of diversity jurisdiction. Diversity jurisdiction is one form of subject matter jurisdiction, wherein federal courts can hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). There must be complete diversity of citizenship between a citizen of State and a citizen of a foreign state. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999). "However, complete diversity does not exist between citizens of a State and citizens of a foreign state who (1) are lawfully admitted for permanent residence in the United States and (2) are domiciled in the same State." *Talece Inc. v. Zheng Zhang*, No. 20-cv-03579-BLF, 2020 WL 5366633, at *2 (N.D. Cal. Sept. 8, 2020). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004). The location of the parties' respective domiciles is important because "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1  Here, Plaintiff alleges Defendant is "believed to be permanent resident 'green
2  card.'" Compl. at 3.  However, Plaintiff fails to indicate which state Defendant is
3  domiciled as a permanent resident.  But, Plaintiff does list Defendant's address in
4  California, which would undermine diversity jurisdiction.  *Id.* at 2.  Based on this, the
5  Court cannot determine if it has jurisdiction to hear this case.  Accordingly, Plaintiff must
6  clarify these allegations in an amended complaint by alleging the state where Defendant is
7  currently domiciled.

### B.   Failure to State a Claim

The second issue concerns Plaintiff's sole cause of action for breach of contract. The elements for breach of contract under California law are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Here, Plaintiff fails to allege sufficient facts to plausibly establish a breach of contract claim.  Plaintiff fails to allege what contracts are at issue, referencing "[b]usiness loans . . . for delivery truck buys" and "buy/rehab-renovation/rental of apartment buildings in the country of Bulgaria."  Compl. at 4.  Moreover, Plaintiff does not allege how he performed under the contract or how/when Defendant breached the alleged contract(s). Plaintiff must address these deficiencies in the amended complaint.

### III.  CONCLUSION

After screening the complaint under 28 U.S.C. § 1915, the Court FINDS that it does not state a claim upon which relief can be granted.  Accordingly, the Court GRANTS Plaintiff leave to amend to cure the deficiencies identified in this order by March 22, 2024.

Finally, the Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by phone appointment at (408) 297-1480.  There are also online resources available on the Court's webpage.  The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/ has a

downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

**IT IS SO ORDERED.**

Dated:  March 4, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge